UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL VAD,

   Plaintiff,

 v.                                  Case No.    19-C-1089

ANDREW M. SAUL,
**Commissioner of Social Security,**

   Defendant.

---

## DECISION AND ORDER

---

Michael Vad, *pro se*, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g). For the reasons set forth below, the Commissioner's decision will be affirmed.

## BACKGROUND

The plaintiff's disability claim is based on claims of tremors and headaches. He alleged disability beginning November 1, 2014, with a date last insured of December 31, 2014. After the Commissioner denied his claim initially and on reconsideration, the plaintiff appeared before an administrative law judge (ALJ) on July 31, 2018. R. 15.[1] The ALJ issued an unfavorable decision, and the Appeals Council denied the plaintiff's request for review.

At the time of the hearing, the plaintiff was sixty-two years old. R. 31. He testified that he had been let go by UPS, his previous employer. R. 33. After that, he "kind of went home,

---

[1] The administrative record is filed on the docket at ECF No. 14.

closed the windows, locked the door, and didn't come back out." R. 33. Therefore, because he had mostly been sequestered in his apartment, he said he did not have any medical reports supporting the existence of a disabling condition prior to December 31, 2014, his date last insured. R. 33.

In mid-2015, the ALJ noted, there began to be a concern about "Parkinson's type symptoms." R. 33. The plaintiff explained that he was now under the treatment of a Dr. Frey and was receiving Botox shots, which helped by preventing his head from turning back and forth. R. 33. The plaintiff testified that he did possess some medical records supporting his headaches dating back to a workplace accident in 1981. R. 34. The ALJ then explained that although he would review those records, it was "pretty unlikely" that he would be able to make a connection between documents from the early 1980s and an impairment alleged in 2014. R. 36. The ALJ further explained:

> The major difficulty for your claim is the lack of medical documentation prior to your date last insured. It makes it extraordinarily difficult to determine that you had an impairment that prevents you from working at that point in time. It's unfortunate that there is not that documentation.

R. 36.

In the ALJ's written decision, the ALJ found that the plaintiff had not engaged in substantial gainful activity between his alleged onset date and the date last insured. R. 17. The ALJ further concluded that, through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. R. 17. The ALJ therefore concluded, at step two of the sequential analysis, that the plaintiff was not disabled.

In so concluding, the ALJ found that the state agency medical consultants had reviewed the evidence and found that the onset of Parkinson's symptoms could not be

established prior to the date last insured. One medical record mentioned tremors in August 2015, but the record reported that the tremors had been occurring for just two months. A second state agency physician concurred in this analysis. R. 18. Both physicians noted that the plaintiff had undergone a yearly physical exam in October 2014—just prior to his alleged onset date—in which he was found to be healthy and without tremors. The ALJ also noted that the October 2014 physical revealed no headaches or tremors, nor any neurological symptoms. R. 18. Although an August 2015 medical record noted issues with tremors, the plaintiff reported at that appointment that the tremors had been occurring only for a few months, which would not establish their existence prior to December 31 of the previous year. R. 18. Finally, the ALJ discussed the workers' compensation claim records from the early 1980s, noting that one record did mention a tremor. R. 18. Even so, the ALJ found that the claimant had been able to maintain regular employment for decades following that claim without any medical evidence suggestive of an ongoing condition. R. 18. For these reasons, the ALJ found no evidence of a disability prior to the plaintiff's date last insured. R. 19.

## ANALYSIS

1. **Applicable Legal Standards**

The Commissioner's final decision will be upheld "if the ALJ applied the correct legal standards and supported [her] decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. § 405(g); *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009)). Substantial evidence is not conclusive evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Although a decision denying benefits need

3

not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek*, 662 F.3d at 811 (citing *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009)). The ALJ "must build an accurate and logical bridge from the evidence to [her] conclusion[s]." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citing *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000); *Groves v. Apfel*, 148 F.3d 809, 811 (7th Cir. 1998)).

The ALJ is also expected to follow the Social Security Administration's ("SSA") rulings and regulations. Failure to do so, unless the error is harmless, requires reversal. *See Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). In reviewing the entire record, the court "does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Finally, judicial review is limited to the rationales offered by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir. 1999); *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)).

**2. The Plaintiff's Arguments**

In this appeal the plaintiff argues that he has experienced tremors since childhood, which have made life harder for him. Although he did hold a job, things were harder for him and his tremors prevented him from moving up. ECF No. 16 at 2. In addition, he states that in January 2010 he closed his curtains and locked his door, sometimes going days or weeks without leaving the house. *Id.* He states that he has a fear of people and that going outside is a "major task." (*Id.*)

4

As the Commissioner notes, however, a claimant's subjective allegations are not enough to establish disability. As the regulations set forth:

> your impairment(s) must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s).

20 C.F.R. § 404.1521. Here, as the ALJ explained to the plaintiff at the hearing, the problem is the absence of any clinical or diagnostic support for the plaintiff's allegations, which means that there is no "objective medical evidence from an acceptable medical source." *Id.*

The plaintiff does cite a medical opinion from a Dr. Alrefai, a neurologist. R. 559. In July 2018, about three and one-half years after the plaintiff's date last insured, Dr. Alrefai filled out a disability form and indicated that the plaintiff had cervical dystonia with frequent head turning and tremor associated with neck pain. R. 559. Dr. Alrefai indicated that he had been treating the patient for two years and that the conditions he described had existed for "4 years." R. 562. If true, that would mean the conditions had existed in July 2014 while the plaintiff was still insured.

The ALJ did not mention Dr. Alrefai's opinion in his written decision. The Commissioner concedes this but argues that no discussion was required because Dr. Alrefai had not examined the plaintiff until several years after the date last insured. Some courts, however, have remanded to the Commissioner under circumstances like this to allow the Commissioner to at least articulate why the physician's opinion was not afforded controlling weight. *See, e.g., Fox v. Colvin,* No. 14 C 4432, 2016 WL 4548999, at *7 (N.D. Ill. Sept. 1, 2016) (holding that medical opinions post-dating the date last insured "were not so remote in time, and related to impairments which were present prior to the date last insured."); *Harris*

5

*v. Astrue*, 646 F. Supp. 2d 979, 1000 (N.D. Ill. 2009) ("the ALJ may have been justified in deciding that Dr. Burke's opinions were unworthy of being given controlling weight but, even if that were to have been the ALJ's reasoning, that analysis still needed to be stated.")

The Commissioner argues, however, that even if the ALJ should have considered Dr. Alrefai's opinion, any failure to do so was harmless error. "[A]dministrative error may be harmless," and a court "will not remand a case to the ALJ for further specification when [it is] convinced that the ALJ will reach the same result." *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010)). "Doing so would be a waste of time and resources for both the Commissioner and the claimant." *Id.* Accordingly, "[i]f it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record though the agency's original opinion failed to marsh that support, then remanding is a waste of time" and, therefore, not appropriate. *Id.*

This case demonstrates why a harmless error does not warrant remand for further analysis. First, Dr. Alrefai's opinion simply stated in conclusory fashion that the plaintiff's tremors had existed for "4 years," and the opinion was produced more than three years after the date last insured. There is no indication as to where the "4 years" came from, particularly as Dr. Alrefai had been treating the plaintiff for only *two* years. Moreover, the plaintiff himself underwent a physical exam in October 2014, just a month prior to his alleged onset date, and the results were perfectly normal. R. 260 ("Normal male physical exam. No diagnosis found.") Finally, in an August 2015 treatment note from the plaintiff's physician, the records indicate that the plaintiff presented "with approximate two-month history of head tremor . . . [a]pparently as a child he had a tremor as well and had it up until age 26 when it started going away on its own and by age 28, the tremor resolved." R. 263. This record, which clearly is

6

based on the plaintiff's self-reported history, indicates that since the age of twenty-eight he had not experienced tremors until 2015, after the last-insured date.

Given these circumstances, on top of the bare record of any disabling conditions prior to December 13, 2015, no reasonable ALJ would have attributed any weight to the conclusory opinion of a treating physician produced more than three years after the date last insured. *See Guranovich v. Astrue*, No. 09 C 3167, 2011 WL 686358, at *21 (N.D. Ill. Feb. 15, 2011) ("Here, Dr. Ballenger did not begin treating Mr. Guranovich until four years after his date of last insured. . . . Dr. Ballenger's opinion as to the onset date of Mr. Guranovich's disability was conclusory; it does not explain the progression of Mr. Guranovich's impairment to allow an inference that the impairment became disabling before the date of last insured."); *cf. Pape v. Colvin*, No. 13-CV-236-JDP, 2014 WL 4186827, at *6 (W.D. Wis. Aug. 21, 2014) ("This medical evidence is particularly relevant in the context of Dr. Niedermeier's later, retrospective opinion, because it shows that the opinion relates back to a time during which he actually treated plaintiff.")

The key to the harmless-error analysis here is the utter absence of any medical documentation or other corroboration *during* the insured period. It would be one thing if Dr. Alrefai's opinion were consistent with contemporaneous records suggestive of an earlier onset of tremor, or if the plaintiff had proffered lay evidence that he suffered from tremors while insured. Instead, Dr. Alrefai's retrospective opinion would be the first and only evidence that the plaintiff's condition had preceded his last-insured date. Even if the ALJ had wanted to give it weight, that likely would have been error. The Seventh Circuit has concluded that, although retrospective medical opinions are sometimes supportive of past impairment, they must be corroborated by something *else* (medical or lay evidence) in the record. *See Estok v.*

7

*Apfel*, 152 F.3d 636, 640 (7th Cir. 1998) ("The ALJ could have found a disability based in part on Dr. Mandell's retrospective opinion, but only if the factual evidence supported that retrospective diagnosis, and here it did not. A retrospective diagnosis may be considered only if it is corroborated by evidence contemporaneous with the eligible period."); *see also Pape*, 2014 WL 4186827, at *5 ("to rely on Dr. Niedermeier's statement, therefore, plaintiff needed to provide the ALJ with contemporaneous corroborating evidence—lay or medical—that established what his limitations were in 2008.")

Here, the retrospective opinion that the plaintiff's condition had existed for "4 years" is uncorroborated by any contemporaneous medical evidence, and in fact it is not even corroborated by any lay evidence, including the plaintiff's own testimony at the hearing, which focused primarily on workers' compensation records from the 1980s. R. 33-34. Finally, it cannot be ignored that Dr. Alrefai's opinion is also refuted by the plaintiff's normal October 2014 physical examination and the August 2015 exam in which he reported just two months of tremors. Any failure to consider the opinion is therefore harmless error. *See Culbertson v. Astrue*, No. 1:11-CV-00206, 2012 WL 1576133, at *7 (N.D. Ind. May 4, 2012) ("Even assuming that the ALJ erred by not discussing Dr. Lombard's opinion, a remand would not be warranted because any error would be harmless and would not lead to a different result on remand.")

### 3. Additional Evidence

Along with his reply brief, the plaintiff submitted eighty-six pages of mental health records detailing counseling treatment beginning in late 2018. ECF No. 22-1. As the Commissioner notes, however, none of this information was part of the plaintiff's disability application, nor was it before the Commissioner for consideration. At this stage, the district

8

court is acting as an appellate body to determine whether the process before the Commissioner followed applicable laws. The court is not in a position to consider new evidence. *See Rice v. Barnhart*, 384 F.3d 363, 366 n.2 (7th Cir. 2004) (holding that additional evidence not submitted to ALJ "cannot now be used as a basis for a finding of reversible error."). Nor does the submitted information justify a remand, as it does not speak to the relevant issue here, which is the plaintiff's condition prior to his date last insured.

## CONCLUSION

The decision of the Commissioner is **AFFIRMED**. The clerk will enter judgment accordingly.

**SO ORDERED** this 5th of May, 2020.

_____
STEPHEN C. DRIES
United States Magistrate Judge

9

Case 2:19-cv-01089-SCD   Filed 05/05/20   Page 9 of 9   Document 29